**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUANA PEREZ JARAMILLO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  20-71143

Agency No. A203-174-763

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021**

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Juana Perez Jaramillo, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application under

8 U.S.C. § 1186a(c)(4)(B) for a waiver of the joint filing requirement to remove

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the conditional basis of her lawful permanent resident status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1141 (9th Cir. 2005). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Perez Jaramillo's application for a waiver under 8 U.S.C. § 1186a(c)(4)(B), where the testimonial and documentary evidence of record do not compel reversal of the agency's determination that she failed to meet her burden of establishing that she entered into her marriage in good faith. *See* 8 C.F.R. § 1216.5(e)(2) (listing types of evidence relevant to good faith marriage waiver); *Oropeza-Wong*, 406 F.3d at 1148 (record did not compel a finding that petitioner met his burden of proving his marriage was entered into in good faith).

Perez Jaramillo's contention that the BIA did not meaningfully review the IJ's decision fails as unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process

claim).

We lack jurisdiction to consider the remaining due process claim that Perez Jaramillo raises for the first time in her opening brief because she did not exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**